In the Matter of N. MICHAEL LO RUSSO (Admitted as NUNZIO M. LO RUSSO), an Attorney, Resignor.

Second Department, August 28, 1989

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Anne L. Powers* of counsel), for Grievance Committee for the Tenth Judicial District.

*N. Michael Lo Russo,* resignor *pro se.*

## OPINION OF THE COURT

Per Curiam.

N. Michael Lo Russo has submitted an affidavit dated February 9, 1989, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Lo Russo was admitted to practice as an attorney by this court on March 31, 1954, under the name Nunzio M. Lo Russo.

Mr. Lo Russo states in his affidavit that he is aware of a pending investigation by the Grievance Committee for the Tenth Judicial District concerning allegations of professional misconduct alleging, *inter alia,* that he induced a client to continue with a home improvement loan when the client's income was inadequate to make the monthly payments on the loan, that he persuaded his client to execute a new deed for her home and add to the deed the name of a person renting a room in her home, misrepresenting to his client that it was necessary to place the boarder's name on the deed without compensation in order to avoid probate of her estate upon her death, that he persuaded his client to sign the deed notwithstanding the fact that by adding the boarder's name to the deed the boarder gained a one-half interest in the client's home, that he induced his client to sign a new will prepared by him and that he acted as a second witness to the execution of the will at a time when the client lacked the legal capacity to execute the will, that he persuaded his client to enter into a contract to sell a house left to her by her brother prior to the probate of her brother's will, which contract was rescinded at the direction of the Surrogate, and that he conveyed this property at a later date and filed the deed with the Registrar for Queens County, notwithstanding the fact that his client was totally incapacitated at the time she was alleged to have subscribed the deed.

The resignor acknowledges that his resignation is freely and voluntarily tendered, that he has not been subjected to coercion or duress, that he is fully aware of the implications of submitting his resignation, and that he could not successfully defend himself on the merits against the allegations of professional misconduct outlined above.

Under the circumstances herein, the resignation of N. Michael Lo Russo as a member of the Bar is accepted and directed to be filed. Accordingly, he should be, and hereby is, disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.

Ordered that the resignation of N. Michael Lo Russo is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, N. Michael Lo Russo is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that N. Michael Lo Russo shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, N. Michael Lo Russo is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.